OPINIONS OF THE SUPREME COURT OF OHIO
        The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Istok.
[Cite as Disciplinary Counsel v. Istok (1994),        Ohio
St.3d        .]
Attorneys at law -- Misconduct -- Indefinite suspension --
        Misappropriation of funds from corporate pension plan
        account.
        (No. 93-2540 -- Submitted January 23, 1994,        --
Decided April 20, 1994.)
        On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-18.
        On April 19, 1993, relator, Office of Disciplinary
Counsel, filed a complaint against respondent, James M. Istok
of Dallas, Texas, Attorney Registration No. 0041174, with the
Board of Commissioners on Grievances and Discipline of the
Supreme Court.  The complaint alleged that, while serving as
General Counsel and Secretary for Pizza Inn, Incorporated,
respondent misappropriated $34,310.20 from the pension plan
account of one of Pizza Inn's subsidiaries, Branch Cheese
Company, Inc.  In addition, the complaint alleged that
respondent removed from the Pizza Inn corporate office the
checkbook, check register, bank statements, and tax information
concerning the pension plan and attempted to conceal the
existence of the pension plan account by redirecting bank
statements to a private post office box.
        The complaint charged that respondent violated DR
1-102(A)(3) (engaging in illegal conduct involving moral
turpitude); 1-102(A)(4) (engaging in conduct involving
dishonesty, fraud, deceit or misrepresentation); and
1-102(A)(6) (engaging in conduct that adversely reflected on
his fitness to practice law).
        On May 12, 1993, respondent filed an answer, wherein he
denied misappropriating the $34,310.20, or having custody of
the tax records, checkbook, check register, or bank statement
or ever removing them from the corporate offices.  On September
27, 1993, respondent and relator agreed to stipulate to several
allegations.  Respondent admitted that he misappropriated
$34,310.20 from the pension plan account over a period of
approximately six months, concealed the existence of the

account by redirecting the bank statements to a private post office box, and removed information concerning the pension plan from the Pizza Inn corporate offices.

The hearing before the panel was set for October 6, 1993. Respondent did not attend the hearing and was not represented by counsel. The panel granted respondent thirty days to submit a written statement concerning the charges before a final sanction would be issued. The panel found that the respondent had made partial restitution in the amount of $22,875 to the pension fund in May and June 1992.

After respondent failed to submit a written statement in mitigation, the panel found that respondent had committed the violations alleged and recommended that he be indefinitely suspended from the practice of law. The board adopted the findings and recommendation of the panel and further recommended that the costs of the proceedings be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Alvin E. Mathews, Assistant Disciplinary Counsel, for relator.

Per Curiam. We concur in the findings and recommendation of the board. Respondent, James M. Istok, is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.